UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30707
Summary Calendar
_____

LOUIS J. SCHOBER; BARBARA SCHOBER,

Plaintiffs-Appellants,

versus

K-MART CORP.; J. T. SIDDON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-1545 E)
_____
October 30, 1995

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[1]

Louis J. and Barbara Schober appeal the district court's order denying their motion to remand this case to state court.[2] Needless to say, we "must examine the basis of [our] jurisdiction, on [our] own motion, if necessary." *United States v. Garcia-Machado*, 845 F.2d 492, 492 (5th Cir. 1988). The denial of a motion to remand is not a final order and, therefore, is not reviewable unless it is certified in accordance with 28 U.S.C. § 1292(b), or unless the

_____

[1] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

[2] The Schobers note that the case is set for trial on March 4, 1996.

refusal to remand "is coupled with a final order".  *See, e.g.,*
***Aaron v. National Union Fire Ins. Co. of Pittsburg***, 876 F.2d 1157,
1160 (5th Cir. 1989), *cert. denied*, 493 U.S. 1074 (1990).  Neither
circumstance is present in this case.[3]  The appeal is, therefore,

**DISMISSED.**

---

[3]     The appellants claim jurisdiction pursuant to 28 U.S.C. § 1291
(granting courts of appeals jurisdiction of appeals from final
decisions of district courts).  The appellees' brief contains no
jurisdictional statement.  Such a statement is not required by the
appellee rules unless the appellee is dissatisfied with the
appellant's statement of jurisdiction.  FED. R. APP. P. 28(b).
Needless to say, both counsel should have been aware of our clear
lack of jurisdiction.  The appellants never should have filed this
appeal, and the appellees certainly should have noticed and brought
to our attention our lack of jurisdiction.